IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ALMA BARNES, on behalf of       :
Herself and all Others          :
Similarly Situated,             :
                                :
    Plaintiff,             :
                                :
vs.                             :        Civil Action 13-0350-M
                                :
COMPASS BANK,                   :
                                :
    Defendant.             :

MEMORANDUM OPINION AND ORDER

    The Motion to Dismiss filed by Defendant Compass Bank (Docs. 8-9) has been referred for report and recommendation, under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2. Jurisdiction has been invoked in this Court under 28 U.S.C. § 1331, pursuant to the Truth-in-Lending Act (hereinafter *TILA*). After consideration, it is **ORDERED** that Defendant's Motion be **GRANTED** and that this action be **DISMISSED**.

    The facts are, very briefly, as follows. Plaintiff Alma Barnes entered into a Home Equity Line of Credit (hereinafter *HELOC*) plan with Compass Bank secured by her home (Doc. 1, ¶¶ 6-7). Plaintiff asserts that Defendant failed to provide her with copies of certain documents that would explain her consumer

1

rights in this transaction (*id.* at ¶ 9). In bringing this action, Barnes asserts the following claims: (1) rescission of the loan;[1] and (2) statutory and actual damages for herself and on behalf of a class (Doc. 1). On August 26, Defendant filed this Motion to Dismiss (Docs. 8-9). Plaintiff filed a response (Doc. 15) to which Compass has replied (Doc. 16).

The Court notes, initially, that "[w]hen considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). In order to state a claim for relief, the Federal Rules of Civil Procedure state that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The U.S. Supreme Court explained that the purpose of the rule was to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).[2] While factual allegations do not have to be

---

[1]This claim is due to be dismissed as Plaintiff, in her Response to the Motion to Dismiss, admits that the allegations presented in the complaint "do not give rise to an extended right of rescission" (Doc. 15, p. 1).

[2]*Conley* also stated that "a complaint should not be dismissed for

detailed, they must contain more than "labels and conclusions;" "a formulaic recitation of the elements of a cause will not do." *Bell Atlantic Corporation v. Twombley*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted). "Facts that are 'merely consistent with' the plaintiff's legal theory will not suffice when, 'without some further factual enhancement [they] stop short of the line between possibility and plausibility of "entitle[ment] to relief."'" *Weissman v. National Association of Securities Dealers, Inc.*, 500 F.3d 1293, 1310 (11th Cir. 2007) (quoting *Twombley*, 550 U.S. 557) (quoting *DM Research, Inc. v. College of American Pathologists*, 170 F.3d 53, 56 (1st Cir. 1999)). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Twombley*, 550 U.S. at 556). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of conduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to

---

failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46. The U.S. Supreme Court has done away with this standard in *Bell Atlantic Corporation v. Twombley*, 550 U.S. 544, 557-563 (2007). The Court, nevertheless, finds *Conley*'s statement regarding the purpose of Rule 8(a)(2) to be useful here in deciphering the analysis necessary for

3

relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)). As noted by the Supreme Court, Plaintiffs must "nudge[] their claims across the line from conceivable to plausible[; otherwise,] their complaint must be dismissed." *Twombly*, 550 U.S. at 570. It is noted, however, that a complaint may be dismissed, under Federal Rule of Civil Procedure 12(b)(6), "on the basis of a dispositive issue of law." *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir.) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)), *cert. denied*, 502 U.S. 810 (1991).

Plaintiff claims that Compass did not provide her with certain documents in the HELOC transaction that should have been given to her. Specifically, she points to "the disclosure based on a $10,000 outstanding balance, as required by 15 U.S.C. § 1637a(a)(9), and the pamphlet required by 15 U.S.C. § 1637a(e)" (Doc. 1, ¶ 9; *see also* ¶ 22).

In bringing its Motion, Defendant asserts that this action comes too late (Doc. 9, pp. 7-8). The applicable law states that the disclosures should have been provided to Barnes "at the time the creditor distribute[d] an application to establish an account." 15 U.S.C. § 1637a(b)(1)(A). The law further states that an action under it may be brought "within one year from the

---

evaluating Plaintiff's claims.

4

date of the occurrence of the violation." 15 U.S.C. § 1640(e). Compass has provided a copy of a letter it sent to Plaintiff, dated June 6, 2012, informing Barnes that it could not offer her credit on the terms she sought but that credit could be offered under different terms; the letter indicates that June 6, 2012 was the date of Plaintiff's application (Doc. 9, Exhibit A).[3] This action was filed on July 9, 2013 (Doc. 1), thirteen months after Barnes made her HELOC application and, apparently, too late.

Plaintiff argues, though, that "the TILA statute of limitations [is an] open ended loan [that] begins with the imposition of the first finance charge" (Doc. 15, p. 3). Barnes relies on *Goldman v. First National Bank of Chicago*, 532 F.2d

---

[3]The Eleventh Circuit Court of Appeals has noted the following: "[T]he analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto. *See* 5 Charles A. Wright & Arthur Miller, *Federal Practice and Procedure* § 1356 at 590-92 (1969) (Wright & Miller). However, where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." *Brooks v. Blue Cross and blue Shield of Florida, Inc.*, 116 F.3d 1364, 1368-69 (11th Cir. 1997) (*citing Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

Because Plaintiff has asserted that it entered into its HELOC plan on July 9, 2012 (Doc. 1, ¶ 6), the Court finds it proper to consider Defendant's submitted letter (Doc. 9, Exhibit A) without converting this Motion to Dismiss to one for summary judgment. The Court notes that Plaintiff has neither objected to Compass's submission of this document nor provided documents—or even arguments—to support her assertion that the transaction took place on July 9,

5

10, 21 (7th Cir. 1976) which held that when "there has been an incomplete, inaccurate or misleading disclosure, the limitations period should not be measured from the date the disclosure was required by law to be made, but instead by the date on which a finance charge was first imposed."

Defendant, however, has convinced the Court that *Goldman* is inapplicable here for several reasons (*see* Doc. 16, pp. 2-8). First, *Goldman* addresses disclosures that must be made at the time an open-end consumer credit plan account is opened. 15 U.S.C. § 1637(a).[4] Here, the facts concern disclosures that must be made at the time an open-end consumer credit plan application is made that is secured by the consumer's principal dwelling. 15 U.S.C. § 1637a(b)(1)(A);[5] *see also* 12 C.F.R. § 226.5b.[6] Second, while *Goldman* was rendered in 1976, the

---

2012 rather than June 6, 2012 (*see* Doc. 15).

[4] "**Before opening any account under an open end consumer credit plan, the creditor shall disclose** to the person to whom credit is to be extended each of the following items, to the extent applicable" (emphasis added).

[5] "**The disclosures required** under subsection (a) of this section with respect to any open end consumer credit plan which provides for any extension of credit which is secured by the consumer's principal dwelling and the pamphlet required under subsection (e) of this section **shall be provided to any consumer at the time the creditor distributes an application to establish an account** under such plan to such consumer" (emphasis added).

[6] "The requirements of this section apply to open-end credit plans secured by the consumer's dwelling." § 226.5b. "The disclosures and brochure required by paragraphs (d) and (e) of this section shall be provided at the time an application is provided to the consumer." § 226.5b(b). "The creditor shall provide the following disclosures, as applicable: (5)(ii) An explanation of how the minimum periodic

specific provisions applicable here were not enacted until 1988. S. Rep. No. 101-460 (1990).[7] Third, the *Goldman* Court was concerned with "incomplete, inaccurate or misleading" disclosures; in this action, Barnes raises a claim concerning no disclosure at all. The Court finds *Goldman* inapplicable here. Likewise, the Court finds the other cases cited by Plaintiff inapplicable as well (*see* Doc. 15, pp. 4-5).

The Court finds that Plaintiff did not initiate this action in a timely manner. Therefore, it is **ORDERED** that Defendant's Motion to Dismiss (Docs. 8-9) be **GRANTED** and that this action be **DISMISSED**. Judgment will be entered by separate Order.

DONE this 4th day of December, 2013.

s/BERT W. MILLING, JR.<br>
UNITED STATES MAGISTRATE JUDGE

---

payment will be determined and the timing of the payments;" (5) (iii) "An example, based on a $10,000 outstanding balance and a recent annual percentage rate, showing the minimum periodic payment." § 226.5b(d)(5). "The home equity brochure published by the Board or a suitable substitute shall be provided." § 226.5b(e).

[7]"The Home Equity Loan Consumer Protection Act was signed into law on November 23, 1988."